```
             UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

B&E DIMENSIONAL              :
STONEWORKS, LLC,             :CIVIL ACTION NO. 3:11-CV-1297
                             :
        Plaintiff,           :(JUDGE CONABOY)
                             :
        v.                   :
                             :
WICKI WHOLESALE              :
STONE, INC., et al.,         :
                             :
        Defendants.          :
                             :
```
_____

### **MEMORANDUM**

Here we consider Defendant and Cross-Defendant Ayers Supply Inc.'s Second Motion to Dismiss Defendant and Cross-Claimant Wicki Wholesale Stone, Inc.'s Second Motion to Dismiss Defendant and Cross-Claimant Wicki Wholesale Stone, Inc.'s Cross-Claim (Doc. 99).[1]  Defendant and Cross-Claimant Ayers Supply Inc. ("Ayers") filed a supporting brief (Doc. 100) with the motion, and Defendant and Cross-Claimant Wicki Wholesale Stone, Inc. ("Wicki") timely filed a brief in opposition (Doc. 109).  With the timely filing of Ayers' reply brief (Doc. 110), this motion is fully briefed and ripe for disposition.  For the reasons discussed below, Ayers'

---

[1] Defendant Z.O. Landscaping and Supply, Inc., has a motion to dismiss Wicki's crossclaim pending before the Court in which it relies on the reasoning set out in the Memorandum of Law filed by Ayers Supply, Inc. (Doc. 102 at 1.)  We do not address Z.O. Landscaping and Supply, Inc.'s, motion because its Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 69) is pending before the Court and is not yet ripe for disposition (*see* Doc. 116) and the jurisdictional issue is appropriately decided before the motion to dismiss.

motion is granted in part and denied in part.

## **I. Background**

Plaintiff filed its Complaint on July 12, 2011, alleging federal trademark infringement, false designation of origin, common law trademark infringement, unfair competition, and unjust enrichment. (Doc. 1 at 1.) Plaintiff properly filed its First Amended Complaint (Doc. 89) on October 31, 2011, asserting claims for federal trademark infringement, false designation of origin, common law trademark infringement, unfair competition, and cancellation of Registration Number 2,580,734 for Karney®. (Doc. 89 at 1.)

Plaintiff is a business that mines, refines and sells natural stone products. (Doc. 89 ¶ 22.) Plaintiff and Defendants are "substantially in the same industry (*i.e.*, supplying natural stone products) and sell, either directly or indirectly, to substantially the same customer base using the same channels of trade, including direct in-person sales to consumers, sales and marketing over the telephone, and through Internet-related solicitation." (Doc. 89 ¶ 23.) One of Plaintiff's products is its Kearney Stone®-brand natural dimension stone which Plaintiff asserts had unique and well known properties and a long-standing reputation for high quality. (*Id.* ¶ 24.) The trademark name is based on the name of a relative of the owner of the land from which the stone is extracted. (*Id.*) The land is located in the Township of Sterling, Wayne County,

Pennsylvania.  (*Id.* ¶ 25.)  Plaintiff holds the exclusive right to mineral extraction from this quarry "and has been assigned all rights, title, and interest to the use of the Kearney Stone mark in conjunction with the sale of this unique and well known brand of natural dimensional stone."  (*Id.*)  Plaintiff "owns all right, title, and interest in a United States federal Registration for Kearney Stone, Registration No. 3896915 on the Principal Register for 'Kearney Stone®.'"  (*Id.* ¶ 27.)  Plaintiff avers that the federal registration was "[o]riginally obtained in the name of Harold Litts, B&E Dimensional Stoneworks, LLC's principal, [and] this federally registered trademark was subsequently assigned to the Plaintiff by Harold Litts."  (*Id.*)  Based on this registration, Plaintiff asserts it "has the exclusive right to the 'Kearney Stone®' mark and, under federal law, Plaintiff's trademark registration is conclusive evidence that Plaintiff is the owner of the exclusive rights to this mark throughout the United States."  (*Id.* ¶ 28.)

Plaintiff makes several specific averments as to Ayers, including the assertion that "Plaintiff . . . alleges that Defendant Ayers Supply is the largest single supplier of . . . imitation stone to the other defendants in this action, which those defendants then subsequently resold to unsuspecting downstream customers."  (Doc. 89 ¶ 33.)

3

The first four counts of the First Amended Complaint are brought against all Defendants.  Wicki's "Karney"® mark is the subject of Count V of Plaintiff's First Amended Complaint: Count V, Plaintiff v. Wicki Wholesale Stone, Inc., for "Cancellation of Registration Number 2,580,734 for Karney®."  (Doc. 89 at 11.) Plaintiff states that "Plaintiff and Defendant Wicki operate in substantially the same industry (*i.e.* supplying natural stone products) and sell, either directly or indirectly, to substantially the same customer base using the same channels of trade, including direct in-person sales to consumers, sales and marketing over the telephone, and through Internet-related solicitation."  (Doc. 89 ¶ 61.)  Plaintiff further alleges that, although Wicki at one time purchased legitimate Kearney Stone-brand, at some point Wicki began passing off an inferior product as Kearney Stone-brand.  (*Id.* ¶ 67.)  Wicki also has a "Karney"® mark which Plaintiff avers is "both subject to cancellation and not entitled to an incontestable presumption of the right to use the mark."  (*Id.* ¶ 69.)  Plaintiff also avers that Wicki has not consistently used the "Karney"® mark in conjunction with the product it sought to pass off as Kearney Stone-brand natural dimensional stone.  (*Id.* ¶ 68.)

In its answer to Plaintiff's First Amended Complaint, Wicki includes a "Crossclaim Against Co-Defendants" and "Counterclaim Against B&E Dimensional Stone Works, LLC."  (Doc. 94 at 10, 11.) The three-paragraph Crossclaim which is at issue here is set out

4

below.

> 1. Answering Defendant hereby incorporates by reference all prior allegations as if fully set forth herein, and for purposes of this Crossclaim only, incorporates all allegations made against any and all codefendants in Plaintiff's First Amended Complaint.
>
> 2. Should any or all of the averments and/or prayers for relief of Plaintiff be upheld by this Honorable Court, the same having been previously denied by Answering Defendant, Answering Defendant hereby avers than any such actions, infringement, false designation, and/or unfair competition was caused by, undertaken or effectuated by Co-Defendants, one, some, or all.
>
> 3. As such, Co-Defendants, one, some, or all, are alone liable, jointly and/or severally liable, or liable over to Answering Defendant on any recovery obtained by Plaintiff in this Honorable Court.

(Doc. 94 at 10-11.)

Defendant Ayers filed the instant motion (Doc. 99) on November 14, 2011, and filed its answer to the First Amended Complaint (Doc. 104), which contains a Counterclaim, on November 22, 2011.

## II. Discussion

### *A. Motion to Dismiss Standard*

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937

(2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan,* 577 F.3d at 530.  The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.]  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950.  In other words, a complaint must do more than allege a plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008 )].  As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

6

> has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly*, 550 U.S. at 555) (not precedential).

## B.   *Defendant and Cross-Defendant Ayers' Motion*

Ayers asserts that Wicki's crossclaim should be dismissed because it does not meet the required pleading standards. (Doc. 100 at 6.) Specifically, Ayers states that Wicki's "conclusory-pled Cross-Claim fails to offer a single fact in an effort to support the requested relief." (*Id.* at 7.)

Wicki originally argues that it incorporated the allegations contained in Plaintiff's First Amended Complaint and the First Amended Complaint contains ample facts, specifically paragraphs 32 and 33 of the First Amended Complaint which go directly to the conduct of Ayers and support the various causes of action pled against Ayers. (Doc. 109 at 3.) Wicki further avers that "by

7

filing an Answer to Plaintiff's First Amended Complaint, Ayers tacitly admits that the allegations against it made by Plaintiff pass muster under the FRCP 12(b)(6) standard." (Doc. 109 at 4.) Wicki concludes that it seeks only contribution and indemnity against Ayers should Plaintiff be able to prove its causes of action against Ayers. (*Id.*)

Ayers disputes Wicki's assertions, maintaining that similar conclusory crossclaims have been found legally insufficient and have been dismissed. (Doc. 2-4 (citations omitted).) By example, Ayers cites *Davidson v. Cornerstone Bank*, No. 10-2825-NLH, 2011 WL 677321, at *5 (D.N.J. Feb. 16, 2011), a case where the district court found the plaintiff's crossclaim should be dismissed because it contained only conclusory allegations--the plaintiff failed to include any averments as to how or why the defendants were jointly liable nor did the crossclaim identify any theory for why the plaintiff was entitled to indemnification or contribution. (Doc. 100 at 2 & n.2.) Ayers also cites to another district court case within the Third Circuit, *Ciemniecki v. Parker McCay P.A.*, No. Civ. 09-6450-RBK-KMW, 2010 WL 4746214, at *2, 5 (D.N.J. Nov. 15, 2010), for the proposition that a vague claim for indemnification should be dismissed. (Doc. 110 at 3 & n.5.)

Wicki filed a sur-reply brief asserting that Ayers citations

are inapposite and the crossclaim should not be dismissed.[2]  (Doc. 115.)  For example, Wicki claims that in *Davidson*, the crossclaim did not refer to factual allegations stated elsewhere, and in *Ciemniecki*, the plaintiff alleged different causes of action against each defendant.

We agree that *Davidson* is distinguishable on the basis cited. Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."  Fed. R. Civ. P. 10(c); *Cooper v. Nationwide Mutual Ins. Co.*, No. Civ. A. 02-2138, 2002 WL 31478874, at *5 (E.D. Pa. Nov. 7, 2002) (citations omitted) ("Courts have historically been reluctant to allow an incorporation by reference if it fails to provide adequate notice of the incorporating party's claims, defenses, or factual allegations.  But nothing in Rule 10(c) precludes a party from incorporating all of an earlier pleading.")  Any pleading containing an incorporation by reference must also comport with Rule 8(a)(2)'s requirement that the claim for relief must state a "short and plain statement of the claim showing the pleader is entitled to relief."  *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 465 (S.D.N.Y. 2007).  Thus, the adoption in

---

[2] Wicki did not obtain leave of court to file its sur-reply brief as is required by Local Rule 7.7 of the Local Rules of Court of the Middle District of Pennsylvania.  However, for the sake of a more complete discussion, we will consider the arguments made in Wicki's sur-reply brief (Doc. 115).

the later pleading must provide "'a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation.'" *Cooper*, 2002 WL 31478874, at *5 (quoting *Gen'l Accident Ins. Co. of Am. v. Fid. & Deposit Co. of Md.*, 598 F. supp. 1223, 1229 (E.D. Pa. 1984)); *see also Muttathottlil v. Mansfield*, 381 F. App'x 454, 457 (5th Cir. 2010) ("a pleading incorporating allegations from other documents must clarify which statements are to be incorporated").

Given this relevant guidance, we conclude that Wicki has minimally satisfied the requirements of Rule 8(a) as to Ayers in certain respects: incorporation of "all allegations made against any and all codefendants" in Plaintiff's First Amended Complaint can be viewed as a clarification of which statements are to be incorporated. Ayers has not asserted that Plaintiff's First Amended Complaint fails to state a claim against it. Rather, because Ayers filed an answer to the First Amended Complaint (Doc. 104) rather than a motion to dismiss, we can infer that Ayers found the First Amended Complaint contained sufficient factual matter to satisfy Rule 8(a) and state a claim which would survive a Rule 12(b)(6) motion. Further bolstering our conclusion that Wicki's crossclaim against Ayers is not subject to dismissal based on its pleading by incorporation is the fact that Plaintiff's First Amended Complaint makes specific allegations as to Ayers (Doc. 89 ¶¶ 32, 33) and asserts Ayers had a supplier relationship with other

10

Defendants (Doc. 89 ¶ 33).

However, this finding does not end our inquiry because Wicki's Crossclaim, while limiting incorporated allegations to those "made against any and all codefendants" (Wicki Crossclaim ¶ 1, Doc. 94 at 11), does not so limit its assertion as to liability. In the remaining two paragraphs of its Crossclaim, Wicki asserts liability against all Co-Defendants "should any or all of the averments and/or prayers for relief of Plaintiff be upheld" (*id.* ¶ 2) and that all Co-Defendants are "alone liable, jointly and/or severally liable, or liable over to [Wicki] on any recovery obtained by Plaintiff" (*id.* ¶ 3). The problem with the broad assertions found in paragraphs two and three of the Crossclaim is that Plaintiff's Amended Complaint contains one count against Wicki alone--Count V for Cancellation of Registration Number 2,580,734 Karney®. (Doc. 89 at 11.) No allegations in the First Amended Complaint support any liability on the part of Ayers for Count V. Given the total lack of support for any liability on the part of Ayers related to Count V of Plaintiff's First Amended Complaint, Wicki has failed to state a claim for liability on the part of Ayers as to Count V.

### **III. Conclusion**

For the reasons discussed above, Defendant and Cross-Defendant Ayers Supply Inc.'s Second Motion to Dismiss Defendant and Cross-Claimant Wicki Wholesale Stone, Inc.'s Second Motion to Dismiss Defendant and Cross-Claimant Wicki Wholesale Stone, Inc.'s Cross-

11

Claim (Doc. 99) is granted in part and denied.  The motion is granted insofar as Defendant and Cross-Claimant Wicki Wholesale Stone, Inc., asserts a Crossclaim as to Count V of Plaintiffs First Amended Complaint.  The motion is denied in all other respects.  An appropriate Order follows.

                                              <u>S/Richard P. Conaboy</u>
                                              RICHARD P. CONABOY
                                              United States District Judge

DATED: February 15, 2012   _____